By the court—Balcom, Justice.
An objection has been made on the part of the overseer of the poor, that the appeal to this court in these proceedings is unauthorized and cannot be sustained. It was made the duty of overseers of the poor, by the Revised Statutes, to make application to the court of chancery for the exercise of its powers and jurisdiction over the persons and estates of habitual drunkards, when they have property to the amount of two hundred and fifty dollars. (2 R. S. 52, title 2, § 2.) And it was further provided by section three of the same title of such statutes, “ if such drunkard have property to an amount less than two hundred and fifty dollars, the overseers may make such application to the court of common pleas of the county; which is hereby vested with the same powers in relation to the real and personal estate of such drunkard, as are by this title conferred on the court of chancery, and shall in all respects proceed in the like manner, subject k> an appeal to the court of chancery" (See 1 Barb. Ch. Pr. 440.)
*563 The court of chancery and courts of common pleas, were abolished, by the constitution of 1846. County courts were substituted for the common pleas, and this court was clothed with all the powers and jurisdiction of the court of chancery. The powers and jurisdiction of this court and of county courts were defined by the legislature in 1847. (Laws of 1847, Vol. 1, p. 323, § 16 ; id. pp. 328, 329, 330, §§ 31, 36.) The jurisdiction of county courts was afterwards prescribed by the Code of Procedure. (See Code, part 1, title 4.)
These proceedings when in the county court, were not an action, (Code, §§ 2, 3,) although when brought into this court for review, they are to be deemed an action at issue on a question of law for all the purposes of costs. (Code, § 318.)
The Code only allows appeals to this court from judgments of county courts, (Code, § 344,) and from orders made by county judges in actions. (Code, § 349.) There is no provision in it for appeals to this court from orders made by county courts or county judges in special proceedings. No judgment has been rendered in these proceedings; and there is no authority in the Code for an appeal to this court from the decision of the county court therein. The act of 1854, “ in relation to special proceedings,” gives no appeal from the decisions of county courts in such proceedings. The appeal, therefore, was not authorized, unless provision therefor is to be found in some other legislative enactment; for no right to appeal in such a case existed at common law. It the third section of the Revised Statutes above quoted, is in force, the appeal was authorized, and the proceedings are properly before us. That section authorized an appeal from the determinations of the common pleas courts in such proceedings to the court of chancery. . The same power and jurisdiction conferred by that section of the Revised Statutes upon courts of common pleas, were conferred upon county courts by the judiciary act of 1847. (Laws of 1847, Vol. 1, p. 330, § 36.) The like power and jurisdiction are also conferred upon the county courts by the Code. (See Code, § 30, subdivision 11) And this court, as has already been seen, stands in the place of the court of chan *564 eery, and has all the powers and jurisdiction which that court possessed.
The third section of the Eevised Statutes above mentioned, is contained in title two of chapter five of the second part of such statutes; and that part of the Code which relates to civil actions commenced since the first day of July, 1848, (see Code, § 8,) is declared not to affect “ any proceedings provided for by chapter five of the second part of the Eevised Statutes.” (Code, § 471.)
Section twenty-nine of the Code, contains the declaration that county courts “ shall have no other jurisdiction than that provided in the next section.” By the next section, (30,) the county court has jurisdiction in the following special cases: “ The care and custody of the person and estate of a lunatic or person of unsound mind, or an habitual drunkard, residing within the county.” (Subdivision 8.) To exercise all the powers and jurisdiction conferred by statute upon the late courts of common pleas of the county, or the judges or any judge thereof respecting “ habitual drunkards.” (Subdivision 11.) By construing these two subdivisions of the thirtieth section of the Code together, it seems to me that the above mentioned section three of the Eevised Statutes cannot be regarded as repealed. It certainly is not expressly repealed, and I think it is not abrogated by implication. And I am of the opinion the eighth subdivision of the thirtieth section of the Code, when read in connection with the eleventh subdivision thereof, and the before mentioned third section of the Eevised Statutes, must be held to confer jurisdiction upon county courts, respecting habitual drunkards, only when the property of the drunkard amounts to less than two hundred and fifty dollars.
If these views are correct, the Broome county court had no j urisdiction of these proceedings against Smith, for his property amounts to about $4,000 ; and the decision of that court therein is subject to review by this court upon appeal, in the same manner that decisions of courts of common pleas were reviewed on appeal by the late court of chancery. (See 1 Barb, *565 Ch. Pr. 439 and 440.) I think the proceedings in the county court in this case should be reversed with costs.
Decision accordingly. Campbell, Justice, dissenting.